Filed 4/30/21  P. v. Gecsey CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075979 |
| v. | (Super.Ct.No. FCH800383) |
| SZABOLCS MIHALY GECSEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shahla Sabet, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Szabolcs Mihaly Gecsey appeals from an order of the San Bernardino Superior Court denying his Penal Code section 1473.7 petition to vacate his 2008 conviction.

1

## BACKGROUND

In 2000, when defendant was 15 years old, he immigrated to the United States from Hungary with his family. He graduated from high school and became a permanent resident in 2003.

In 2005, he was convicted for selling marijuana, resulting in a sentence of 180 days in county jail and three years' probation. In April 2008, within a couple of weeks of completing his probation term, defendant was arrested and charged with four felony violations of the Health and Safety Code: section 11378, possession for sale of a controlled substance MDMA, also known as Ecstasy (count 1); section 11379, subdivision (a), sale of MDMA, a controlled substance (count 2); section 11359, possession of marijuana for sale (count 3); and section 11360, subdivision (a), sale or transportation of marijuana (count 4).

In August 2008, defendant entered a guilty plea to count 1, possession for sale of MDMA. Pursuant to the plea agreement, the court dismissed the other three counts and sentenced defendant to one year in county jail and three years' probation. The plea form included a statement initialed by defendant: "I understand that if I am not a citizen of the United States, deportation, exclusion from admission to the United States, or denial of naturalization will result from a conviction of the offense(s) to which I plead guilty . . . ." Defendant also answered in the affirmative when, in the course of accepting the plea, the court asked if he understood that if he is not a United States citizen, the consequences of his plea "will include" his deportation, denial of naturalization, or exclusion from the country.

In April 2009, defendant petitioned for a writ of habeas corpus seeking to vacate his conviction on the grounds of ineffective assistance of his trial counsel. He claimed counsel had failed to investigate defendant's immigration situation and had not informed him of the specific immigration consequences of his plea. The trial court denied the petition, finding defendant "was well aware" that he would be deported when he pled guilty.

In September 2009, this court issued an order to show cause directing the superior court to schedule further briefing and an evidentiary hearing on the issue whether defendant could have obtained a plea deal that would not have subjected him to mandatory deportation. (Case No. E048719, Sep. 24, 2009.) Defendant was deported to Hungary that same month. Upon learning defendant would not be permitted back in the country and finding he would remain deportable even if his 2009 conviction was vacated because he would suffer the same immigration consequences as the result of his 2005 conviction, the trial court dismissed the petition as moot.

**DEFENDANT'S PENAL CODE SECTION 1473.7 PETITION**

In June 2020, defendant revived his claims of ineffective assistance of counsel in a Penal Code section 1473.7 motion to vacate his conviction. That provision, which became effective January 1, 2017 (Stats. 2016, ch. 739, § 1; amended by Stats. 2018, ch. 825, § 2 & Stats. 2020, ch. 317, § 5), authorizes a person no longer in criminal custody to move to vacate a conviction or sentence that is legally invalid due to a prejudicial error resulting in damage to the person's ability to understand, defend against,

3

or knowingly accept the actual or potential adverse immigration consequences of entering a guilty plea. (§ 1473.7, subd. (a)(1).) The People opposed the motion.

When the petition came on for hearing, the parties agreed to put the matter over to be heard in a different department, to submit the matter on the briefs, and to permit the court to judicially notice the habeas briefs and rulings. At the continued hearing, the court made clear the parties' right to have a hearing without defendant present and confirmed the parties' desire to forego an evidentiary hearing. It denied the petition, finding defendant did not establish his conviction was invalid due to a prejudicial error damaging his ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of his guilty plea. Defendant appealed, and we appointed counsel to represent him.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth statements of the case and facts. Counsel suggests two potentially arguable issues: (i) whether the court erred when it denied defendant's section 1473.7 petition to vacate his conviction; and (2) whether counsel's assistance was rendered ineffective when he waived an evidentiary hearing on the petition.

Counsel states this court is required to undertake a review of the entire record. When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental

4

brief and to review the entire record whether or not the defendant files a brief. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment. We also recognize that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issue brief. Accordingly, appellate courts have traditionally afforded defendants an opportunity to personally file a supplemental brief when appointed counsel has submitted a no-issue brief in a postjudgment appeal. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted Mar. 17, 2021, S266853.)

Appellate courts are divided, however, with respect to whether we should exercise our discretion to conduct an independent review of the record if a defendant does not respond to an invitation to file a supplemental brief. (E.g., *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1038-1039 [Second Dist., Div. Two, no independent review of record when no supplemental brief filed, dismissed the appeal as abandoned]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Fourth Dist., Div. Three, conducted independent review of record even though defendant did not file a supplemental brief].)

Recent opinions issued by this court reflect the division in approach to the situation in which defendant does not file a supplemental brief. In *Scott*, one panel concluded there is no reason to conduct an independent review of the record or to issue

5

an opinion in such a case and dismissed the appeal as abandoned. (*Scott*, *supra*, 58 Cal.App.5th at pp. 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Figueras* (2021) 61 Cal.App.5th 108.)

In *People v. Gallo*, another panel of this court concluded the interests of justice call for independent review of the record in postjudgment no-issue appeals even if the defendant has not filed a supplemental brief. (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, reviewing court is not required to independently review the entire record, but the court can and should do so in the interests of justice]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [Court of Appeal has the discretion to review the record in the interests of justice].)

We respectfully disagree with *Scott* and find the procedure in *Gallo* provides indigent defendants an additional layer of due process while consuming comparatively little in judicial resources.

Here, we offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and in keeping with *Gallo*, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

McKINSTER
J.

[*P. v. Gecsey,* E075979]

MENETREZ, J., Dissenting.

Because this is an appeal from a postjudgment order, *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 do not require us to read the entire record ourselves to look for arguable grounds for reversal.  (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45; *People v. Serrano* (2012) 211 Cal.App.4th 496, 498.)  Appointed appellate counsel filed a brief raising no issues, and defendant was given the opportunity to file a personal supplemental brief but declined.  The appeal should accordingly be dismissed as abandoned.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1129-1130.)

MENETREZ          
J.

1